UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

NAOMI OWEN,

        Plaintiff,

v.                                                                                              Case No. 8:21-cv-634-JRK

KILOLO KIJAKAZI,
Acting Commissioner of Social
Security,

        Defendant.
_____

## OPINION AND ORDER[1]

### I.  Status

Naomi Owen ("Plaintiff") is appealing the Commissioner of the Social Security Administration's ("SSA('s)") final decision denying her claim for disability insurance benefits ("DIB"). Plaintiff's alleged inability to work is the result of "ADHD," "Sleep Apnea," "Depression," "Arthritis," "Pain," and "GERD." Transcript of Administrative Proceedings (Doc. No. 15; "Tr." or "administrative transcript"), filed September 28, 2021, at 47, 66, 198. Plaintiff protectively filed an application for DIB on August 3, 2018, alleging a disability

---

[1] The parties consented to the exercise of jurisdiction by a United States Magistrate Judge. See Notice, Consent, and Reference of a Civil Action to a Magistrate Judge (Doc. No. 14), filed September 28, 2021; Reference Order (Doc. No. 17), entered September 28, 2021.

onset date of April 28, 2018.[2] Tr. at 170-76. Plaintiff later amended the alleged onset disability date to July 1, 2018. Tr. at 28-29. The application was denied initially, Tr. at 46-62, 63, 64, 89-91, and upon reconsideration, Tr. at 65-82, 83, 84, 93-98.

On October 20, 2020, an Administrative Law Judge ("ALJ") held a hearing via telephone[3] during which Plaintiff, represented by counsel, and a vocational expert ("VE") testified. Tr. at 25-41 (hearing transcript), 85, 88 (appointment of representative documents). At the time, Plaintiff was sixty-two (62) years old. Tr. at 28. On November 9, 2020, the ALJ issued a Decision finding Plaintiff not disabled through the date of the Decision. See Tr. at 10-19.

Thereafter, Plaintiff sought review of the Decision by the Appeals Council. See Tr. at 4-5 (Appeals Council exhibit list and order), 163-66 (request for review). On January 12, 2021, the Appeals Council denied Plaintiff's request for review, Tr. at 1-3, thereby making the ALJ's Decision the final decision of the Commissioner. On March 18, 2021, Plaintiff commenced this action through counsel under 42 U.S.C. § 405(g) by timely filing a Complaint (Doc. No. 1), seeking judicial review of the Commissioner's final decision.

---

[2] The application was actually completed on August 6, 2018, see Tr. at 170, but the protective filing date for the application is listed elsewhere in the administrative transcript as August 3, 2018, see, e.g., Tr. at 47, 66, 167.

[3] The hearing was held via telephone with Plaintiff's consent because of the extraordinary circumstances presented by the COVID-19 pandemic. Tr. at 27-28, 339.

On appeal, Plaintiff challenges: 1) "[w]hether the ALJ properly evaluated [Plaintiff's] symptoms"; and 2) "whether the ALJ accorded the opinion of [Plaintiff's] treating physician appropriate weight." Joint Memorandum (Doc. No. 21; "Joint Memo"), filed March 16, 2022, at 9, 20. After a thorough review of the entire record and consideration of the parties' respective arguments, the undersigned finds that the Commissioner's final decision is due to be affirmed.

## II.   **The ALJ's Decision**

When determining whether an individual is disabled,[4] an ALJ must follow the five-step sequential inquiry set forth in the Code of Federal Regulations ("Regulations"), determining as appropriate whether the claimant (1) is currently employed or engaging in substantial gainful activity; (2) has a severe impairment; (3) has an impairment or combination of impairments that meets or medically equals one listed in the Regulations; (4) can perform past relevant work; and (5) retains the ability to perform any work in the national economy. 20 C.F.R. § 404.1520; see also Simon v. Comm'r, Soc. Sec. Admin., 7 F.4th 1094, 1101-02 (11th Cir. 2021) (citations omitted); Phillips v. Barnhart, 357 F.3d 1232, 1237 (11th Cir. 2004). The claimant bears the burden of

---

[4] "Disability" is defined in the Social Security Act as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

persuasion through step four, and at step five, the burden shifts to the Commissioner. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

Here, the ALJ followed the five-step sequential inquiry through step four, where he ended the inquiry based on his findings at that step. See Tr. at 12-19. At step one, the ALJ determined Plaintiff "has not engaged in substantial gainful activity since April 28, 2018, the alleged onset date." Tr. at 12 (emphasis and citation omitted). At step two, the ALJ found that Plaintiff "has the following severe impairments: obesity; lumbar changes; cervical degenerative disc disease; systolic murmur; and polyarthritis." Tr. at 12 (emphasis and citation omitted). At step three, the ALJ ascertained that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 [C.F.R.] Part 404, Subpart P, Appendix 1." Tr. at 15 (emphasis and citation omitted).

The ALJ determined that Plaintiff has the following residual functional capacity ("RFC"):

> [Plaintiff can] perform light work as defined in 20 [C.F.R. §] 404.1567(b) except [Plaintiff] should avoid climbing ropes, scaffolds, and ladders; frequently balance, climb stairs and ramps; can occasionally stoop, kneel, crouch; must avoid crawling; must avoid concentrated exposure to extreme cold, industrial vibrations; and must avoid even moderate exposure to industrial hazards.

Tr. at 15 (emphasis omitted). At step four, the ALJ found that Plaintiff "is capable of performing past relevant work as a billing clerk." Tr. at 18 (emphasis

omitted). The ALJ concluded Plaintiff "has not been under a disability . . . from April 28, 2018, through the date of th[e D]ecision." Tr. at 19 (emphasis and citation omitted).

### III.   Standard of Review

This Court reviews the Commissioner's final decision as to disability pursuant to 42 U.S.C. § 405(g). Although no deference is given to the ALJ's conclusions of law, findings of fact "are conclusive if . . . supported by 'substantial evidence.'" Doughty v. Apfel, 245 F.3d 1274, 1278 (11th Cir. 2001) (citing Falge v. Apfel, 150 F.3d 1320, 1322 (11th Cir. 1998)). "Substantial evidence is something 'more than a mere scintilla, but less than a preponderance.'" Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005) (quoting Hale v. Bowen, 831 F.2d 1007, 1011 (11th Cir. 1987)). The substantial evidence standard is met when there is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Falge, 150 F.3d at 1322 (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)); see also Biestek v. Berryhill, 139 S.Ct. 1148, 1154 (2019); Samuels v. Acting Comm'r of Soc. Sec., 959 F.3d 1042, 1045 (11th Cir. 2020) (citation omitted). It is not for this Court to reweigh the evidence; rather, the entire record is reviewed to determine whether "the decision reached is reasonable and supported by substantial evidence." Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991) (citation omitted). The decision reached by the Commissioner must be affirmed if it is

supported by substantial evidence—even if the evidence preponderates against the Commissioner's findings. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158-59 (11th Cir. 2004) (per curiam).

## IV.   Discussion

### A.   Subjective Symptoms and Complaints of Pain

Plaintiff contends the ALJ erred in evaluating her subjective symptoms and complaints of pain because "the ALJ failed to examine some of the [relevant factors] and, instead, he summarized the objective medical evidence and the opinion evidence, concluding that such evidence did not establish that [Plaintiff's] impairments were of a disabling nature." Joint Memo at 12 (citing Tr. at 16-18). Responding, Defendant argues "[t]he ALJ clearly articulated explicit and adequate reasons for discounting Plaintiff's subjective complaints of disabling symptoms" and "[t]o the extent Plaintiff's allegations are substantiated by the record, the ALJ set forth appropriate limitations in Plaintiff's RFC." Id. (citing Tr. at 12-18, 15).

"[T]o establish a disability based on testimony of pain and other symptoms, the claimant must satisfy two parts of a three-part showing: (1) evidence of an underlying medical condition; and (2) either (a) objective medical evidence confirming the severity of the alleged pain; or (b) that the objectively determined medical condition can reasonably be expected to give rise to the claimed pain." Wilson v. Barnhart, 284 F.3d 1219, 1225 (11th Cir. 2002)

(citing Holt v. Sullivan, 921 F.2d 1221, 1223 (11th Cir. 1991)). "The claimant's subjective testimony supported by medical evidence that satisfies the standard is itself sufficient to support a finding of disability." Holt, 921 F.2d at 1223.

"In evaluating the intensity and persistence of a claimant's symptoms, the ALJ considers the entire record, including the objective medical evidence, the claimant's history, and statements of the claimant and [his or] her doctors." Belser v. Soc. Sec. Admin., Comm'r, No. 20-12121, 2021 WL 6116639, at *6 (11th Cir. Dec. 27, 2021) (unpublished) (citing 20 C.F.R. §§ 404.1529(c)(1)-(2)). The Regulations in effect at the time of the ALJ's Decision provided that an ALJ "will" also consider other factors related to symptoms such as pain, including:

> (i) [The claimant's] daily activities; (ii) The location, duration, frequency, and intensity of [the claimant's] pain or other symptoms; (iii) Precipitating and aggravating factors; (iv) The type, dosage, effectiveness, and side effects of any medication [the claimant] take[s] or ha[s] taken to alleviate [his or her] pain or other symptoms; (v) Treatment, other than medication, [the claimant] receive[s] or ha[s] received for relief of [his or her] pain or other symptoms; (vi) Any measures [the claimant] use[s] or ha[s] used to relieve [his or her] pain or other symptoms . . .; and (vii) Other factors concerning [the claimant's] functional limitations and restrictions due to pain or other symptoms.

20 C.F.R. § 404.1529(c)(3)(i)-(vii). To reject the claimant's assertions of subjective symptoms, "explicit and adequate reasons" must be articulated by the ALJ. Wilson, 284 F.3d at 1225; see also Dyer, 395 F.3d at 1210; Marbury v.

Sullivan, 957 F.2d 837, 839 (11th Cir. 1992).[5]

Here, the ALJ initially recognized Plaintiff's assertions of how her pain and other impairments affect her, including allegations of difficulty concentrating, forgetfulness, inability to walk more than a few blocks, lack of focus, difficulty sitting without moving, headaches, and throbbing back pain that is exacerbated by walking/standing. Tr. at 16 (citations omitted). The ALJ then found that Plaintiff's "medically determinable impairments could reasonably be expected to cause some of the alleged symptoms; however, [Plaintiff's] statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in th[e D]ecision." Tr. at 16.

The ALJ next discussed the medical evidence, finding it showed Plaintiff "has not sought more than routine treatment for several chronic conditions." Tr.

---

[5] In 2017, the SSA issued new guidance to ALJs about how to evaluate subjective complaints of pain and other symptoms. The SSA has "eliminat[ed] the use of the term 'credibility' from [its] sub-regulatory policy, as [the R]egulations do not use this term." SSR 16-3P, 2017 WL 5180304, at *2 (Oct. 25, 2017). "In doing so, [the SSA has] clarif[ied] that subjective symptom evaluation is not an examination of an individual's character." Id. Accordingly, ALJs are "instruct[ed] . . . to consider all of the evidence in an individual's record when they evaluate the intensity and persistence of symptoms after they find that the individual has a medically determinable impairment(s) that could reasonably be expected to produce those symptoms." Id. "The change in wording is meant to clarify that [ALJs] aren't in the business of impeaching claimants' character; obviously [ALJs] will continue to assess the credibility of pain assertions by applicants, especially as such assertions often cannot be either credited or rejected on the basis of medical evidence." Cole v. Colvin, 831 F.3d 411, 412 (7th Cir. 2016) (emphasis in original).

at 17. The ALJ further found that although Plaintiff "leads a sedentary lifestyle," she is still "able to complete activities such as cooking, cleaning, laundry, shopping, and can care for her personal needs, including showering, bathing, and dressing." Tr. at 17; see Tr. at 32-38 (Plaintiff's testimony), 210-17, 220-27, 237-39, 240-47, 256-63 (function reports and pain questionnaire). The ALJ also noted that Plaintiff "spends her time watching TV, reading, sewing, attending church, and socializing with friends." Tr. at 17 (citations omitted); see Tr. at 32-38 (Plaintiff's testimony), 210-17, 220-27, 237-39, 240-47, 256-63 (function reports and pain questionnaire).

The ALJ found that Plaintiff's "presentation at the consultative examinations in March 2019 and April 2019 [was] unremarkable." Tr. at 17; see Tr. at 656-60 (March 2019 psychological examination), 664-71 (April 2019 internal medicine examination). "Overall," stated the ALJ, "the record supports the finding that [Plaintiff] is limited to [a] reduced range of light work." Tr. at 17.

Plaintiff does not specifically challenge any of these subjective complaint findings; instead, Plaintiff contends that "the ALJ failed to heed SSR 16-3p's cautionary instruction not to discount a [Plaintiff's] statements regarding the intensity, persistence, and limiting effects of symptoms solely because the objective medical evidence does not substantiate the degree of impairment-related symptoms." Joint Memo at 12. But the ALJ did not discount Plaintiff's

statements solely because the medical evidence did not substantiate them: the ALJ reviewed the record as a whole and determined that Plaintiff is not as limited as she alleges. The ALJ adequately considered Plaintiff's subjective complaints, and the ALJ's findings are supported by substantial evidence.

### B. Opinion of Treating Physician

Plaintiff argues that the ALJ erred in evaluating the opinion of her treating physician, Nicholas Okeson, D.O., rendered on a Medical Source Mental Status Report and a Medical Source Orthopedic Questionnaire. Joint Memo at 20-21; see Tr. at 680-82, 685-86 (Dr. Okeson's opinions). According to Plaintiff, the ALJ did "not consider all of the required factors or specifically indicate what weight he did accord Dr. Okeson's opinion." Joint Memo at 21 (citing Tr. at 14, 18). Responding, Defendant argues Plaintiff is relying on outdated law for this argument, and under the Revised Regulations, the ALJ did not err. Id. at 22-26.

The SSA revised the rules regarding the evaluation of medical evidence for claims filed on or after March 27, 2017. See Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 5844, 5844 (January 18, 2017); see also 82 Fed. Reg. 15,132 (March 27, 2017) (amending and correcting the final Rules published at 82 Fed. Reg. 5,844). Under the new rules and Regulations, "A medical opinion is a statement from a medical source about what [the claimant] can still do despite [his or her] impairment(s) and whether

[the claimant] ha[s] one or more impairment-related limitations or restrictions in the following abilities:" 1) the "ability to perform physical demands of work activities"; 2) the "ability to perform mental demands of work activities"; 3) the "ability to perform other demands of work, such as seeing, hearing, or using other senses"; and 4) the "ability to adapt to environmental conditions." 20 C.F.R. § 404.1513(a)(2); see also 20 C.F.R. § 404.1502 (defining "[a]cceptable medical sources"). An ALJ need not "defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) . . . , including those from [the claimant's] medical sources." 20 C.F.R. § 404.1520c(a). [6] "Because section 404.1520c falls within the scope of the Commissioner's authority and was not arbitrary and capricious, it abrogates [the United States Court of Appeals for the Eleventh Circuit's] prior precedents applying the treating-physician rule." Harner v. Soc. Sec. Admin., Comm'r, 38 F.4th 892, 896 (11th Cir. 2022).[7]

The following factors are relevant in an ALJ's consideration of a medical opinion: (1) "[s]upportability"; (2) "[c]onsistency"; (3) "[r]elationship with the claimant"; (4) "[s]pecialization"; and (5) other factors, such as "evidence showing

---

[6] Plaintiff filed her DIB application after the effective date of section 404.1520c, so the revised rules and Regulations are applicable.

[7] To the extent Plaintiff argues that the Court should apply this rule and precedent articulating it, the argument is foreclosed by Harner (which was decided after briefing in this case closed).

- 11 -

a medical source has familiarity with the other evidence in the claim or an understanding of [the SSA's] disability program's policies and evidentiary requirements." 20 C.F.R. § 404.1520c(c). Supportability and consistency are the most important factors, and the ALJ must explain how these factors were considered. 20 C.F.R. § 404.1520c(b)(2). Generally, the ALJ is not required to explain how he or she evaluated the remaining factors. 20 C.F.R. § 404.1520c(b)(2). However, if the ALJ "find[s] that two or more medical opinions . . . about the same issue are both equally well-supported . . . and consistent with the record . . . but are not exactly the same, [the ALJ must] articulate how [he or she] considered the other most persuasive factors . . . ." 20 C.F.R. § 404.1520c(b)(3).[8]

Here, the ALJ addressed both of Dr. Okeson's opinions. As to the August 2019 Medical Source Mental Status Report, the ALJ found that Dr. Okeson's opinion of "difficulty with concentration and focus" is "unpersuasive" because it "is not consistent with or supported by [Plaintiff's] mostly conservative treatment, which included no treatment from a mental health provider, and mostly normal pathology on mental status exams." Tr. at 14. The ALJ further

---

[8] When a medical source provides multiple opinions, the ALJ is also not required to articulate how he or she evaluated each medical opinion individually. 20 C.F.R. §§ 404.1520c(b)(1), 416.920c(b)(1). Instead, the ALJ must "articulate how [he or she] considered the medical opinions . . . from that medical source together in a single analysis using the factors listed [above], as appropriate." 20 C.F.R. § 404.1520c(b)(1).

found that Dr. Okeson had "relie[d] on [Plaintiff's] statement that she is not able to do her job as a medical coding/billing specialist when addressing [Plaintiff's] ability to sustain work activity." Tr. at 14.

As to the August 2019 Medical Source Orthopedic Questionnaire, the ALJ found Dr. Okeson's opinion that Plaintiff "was not capable of performing fine/gross manipulations on sustained basis" to be "unpersuasive." Tr. at 18. The ALJ stated the opinion "is inconsistent with [the doctor's] own rating of [Plaintiff's] grip strength and lower extremity strength to be 5/5, and appears to rely on [Plaintiff's] statement that she cannot perform on a sustained basis due to joint pain, stiffness in her hands." Tr. at 18.

The ALJ correctly evaluated Dr. Okeson's opinions under the revised Regulations. The ALJ's reasoning is adequate and is supported by substantial evidence.

## V.   Conclusion

The ALJ's Decision is supported by substantial evidence. In light of the foregoing, it is

**ORDERED**:

1.   The Clerk of Court is directed to enter judgment pursuant to sentence four of 42 U.S.C. § 405(g), **AFFIRMING** the Commissioner's final decision.

      2.      The Clerk is further directed to close the file.

**DONE AND ORDERED** in Jacksonville, Florida on September 23, 2022.

*James R. Klindt*
JAMES R. KLINDT
United States Magistrate Judge

kaw
Copies to:
Counsel of Record